IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORENZO WESLEY,<br>　　　　Plaintiff, | § | |
| | § | |
| | § | |
| | § | |
| v. | § | No. 3:25-CV-2746-D-BW |
| | § | |
| BAYLOR SCOTT & WHITE | § | |
| HOSPITAL, et al., | § | |
| 　　　　Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Based on the relevant filings and applicable law, the Court should dismiss this

habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for

failure to prosecute or follow orders of the Court.

## I.  BACKGROUND

Plaintiff Lorenzo Wesley, appearing pro se in this action, submitted a form

prisoner's civil rights complaint against Baylor, Scott & White Hospital ("BSWH")

received on October 9, 2025.  (*See* Dkt. No. 3 ("Compl.").)  In it, Wesley—an inmate

at the Dallas County Jail at the time he submitted the complaint—alleged that a

BSWH security vehicle hit him while he was riding his bicycle in June and did not

stop.  (Compl. at 4.)  He further alleged that an ambulance was called and he "had to

have [his] leg re-patched."  (*Id.*)  Wesley also submitted an Application to Proceed In

Forma Pauperis ("IFP").  (Dkt. No 4.)  Upon receipt of Wesley's complaint, the

---

[1] By Special Order No. 3-251, this prisoner pro se case has been automatically
referred for judicial screening under 28 U.S.C. § 1915.  (*See* Dkt. No. 1.)

Clerk provided him a copy of the Instructions to a Prisoner *Pro Se* Plaintiff.  (Dkt. No. 2.)  These instructions advised Wesley of his responsibility to notify the Court if his address changed and of the possibility that the case would be dismissed if he did not.  (*See id.*)  The form complaint Wesley submitted notified him of the same.  (Compl. at 2.)

On the following day, the undersigned entered a Notice of Deficiency and Order informing Wesley of his failure to attach a history of his inmate trust account to his IFP application.  (Dkt. No. 5.)  The undersigned directed the Clerk to send Wesley a form IFP application with a certificate of inmate trust account ("CTA") and directed him to submit it within 30 days.  (*Id.* at 1.)  The order also advised that the case was subject to judicial screening and again told Wesley that he "must immediately notify the Court of any change of address" and that failure to do so "may result in dismissal of the action under Rule 41(b)."  (*Id.* at 2.)

In the months that followed, Wesley reported in letters received on November 12, 2026, and January 22, 2026, an inability to obtain a CTA.  (*See* Dkt. Nos. 6, 8.)  On January 28, the undersigned entered a Second Notice of Deficiency and Order explaining the undersigned's awareness based on experience that pro se plaintiffs held at the Dallas County Jail routinely submit CTAs or comparable forms.  (*See* Dkt. No. 9.)  The undersigned again provided Wesley 30 days to submit the required form.  (*Id.*)

On February 25, 2026, the Second Notice of Deficiency and Order, which was mailed to Wesley at the Dallas County Jail, was received undelivered and marked

2

"Not in Dallas County Jail." (Dkt. No. 10.)  Because Wesley's updated address is unknown, on March 2, the undersigned entered an Order Requiring Plaintiff to Inform Court of Intent to Proceed.  (*See* Dkt. No. 11.)  The order documented the undersigned's confirmation that Wesley is no longer in the Dallas County Jail and his failure to update his address.  The Court ordered Wesley to provide notice of his intent to proceed with this case by March 30.  (*Id.*)

Wesley's deadline to manifest an intent to proceed with this case has passed, and he has not filed anything providing an updated address or otherwise evinced an intent to proceed with this lawsuit.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order."  *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Wesley has failed to comply with the Court's October 10, 2025 order to file an IFP application with a CTA  and to notify the Court of any change of address,

3

despite warnings that failure to comply could result in the dismissal of his petition. Nor has Wesley manifested an intent to pursue this lawsuit since his release from Dallas County Jail. By not complying with the Court's order, Wesley prevents this action from proceeding and has failed to prosecute this lawsuit. And without an updated address where Wesley may be contacted, the Court is unable to move this case forward. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b) for failure to prosecute or follow court orders.

## III.  RECOMMENDATION

The Court should **DISMISS** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

**SO RECOMMENDED** on April 1, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).